UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDRE DUPRE                                               CIVIL ACTION

VERSUS

TARGET CORPORATION OF                         NO.: 14-00440-BAJ-EWD
MINNESOTA, ET AL.

RULING AND ORDER

Before the Court is Defendant **Target Corporation of Minnesota's Motion
for Summary Judgment (Doc. 15)**. Plaintiff Andre Dupre ("Plaintiff") has filed a
memorandum in opposition (Doc. 19), to which Defendant Target Corporation of
Minnesota ("Defendant") has replied (Doc. 24). Jurisdiction is proper pursuant to 28
U.S.C. § 1332. For the reasons explained herein, Defendant's motion is **DENIED**.

I.    BACKGROUND

On January 15, 2013, Plaintiff slipped and fell in a Target located in Baton
Rouge, Louisiana. (Doc. 15-3 at ¶ 1). It was raining on the date in question, (*id*. at ¶
5), and Plaintiff's feet were, at the time he slipped, transitioning from the entrance
carpet onto the tile floor, (*id*. at ¶ 1).

Plaintiff thereafter filed this lawsuit seeking damages from Defendant and its
insurer, ABC Insurance Company, pursuant to LA. STAT. ANN. § 9:2800.6. (*See* Doc.
2-1 at pp. 3—6).

1

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element

2

essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)

### III.   DISCUSSION

Plaintiff's cause of action requires him to prove: (1) that the condition presented an unreasonable risk of harm and that risk of harm was reasonably foreseeable; (2) that Defendant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) that Defendant failed to exercise reasonable care. LA. STAT. ANN. § 9:2800.6(B).

The Court will evaluate each element individually, as "the failure to prove any is fatal" to Plaintiff's cause of action. *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 6 (La. 9/9/97); 699 So. 2d 1081, 1086.

### A.   Did the condition present an unreasonable risk of harm to Plaintiff and was that risk of harm reasonably foreseeable?

Defendant initially takes issue with the notion that a wet carpet constitutes an unreasonable risk of harm. (*See* Doc. 15-2 at pp. 5—7). However, at least one Louisiana court has held that "[w]hen patrons are made to walk through a known high traffic area, across mats that are saturated with rain, a reasonable trier of fact could conclude that this creates an unreasonable risk of harm where it is foreseeable

that a slip and fall accident is likely to occur." *Barton v. Wal-Mart Stores, Inc.*, 97-801, p. 12 (La. App. 3 Cir. 12/10/97); 704 So. 2d 361, 367.

Plaintiff alleges that the rug on which he slipped was "definitely saturated." (*See* Doc. 15-4 at p. 7). The rug was, moreover, in "a known high traffic area," *i.e.*, the entrance/exit of the store. (*See* Doc. 15-5) (video).

Defendant's motion is, as to the first element of Plaintiff's LA. STAT. ANN. § 9:2800.6 cause of action, **DENIED**.

### B. Did Defendant have actual or constructive notice of the condition that caused Plaintiff's fall prior to its occurrence?

Defendant asserts that Plaintiff has not produced any evidence that it had actual or constructive notice of the water that caused him to slip and fall. (*See* Doc. 15-2 at pp. 7—11).

Actual notice requires Plaintiff to produce evidence that Defendant knew that the carpet was wet before he fell. *See Gray v. Wal-Mart Louisiana, L.L.C.*, 484 F. App'x 963, 965—66 (5th Cir. 2012) (equating actual notice with actual knowledge). Plaintiff argues that because Defendant knew that it was raining on the day in question, (*see* Doc. 15-3 at ¶ 5), Defendant must have also known that the carpet on which Plaintiff slipped was wet, (*see* Doc. 19 at pp. 10—11). Actual knowledge, by definition, precludes the drawing of any such inference. *See Gray v. Shoney's Inc.*, 192 F.3d 125 (5th Cir. 1999) (holding that "[t]he mere presence of warning signs in the entryway was not sufficient circumstantial evidence for a jury to find actual knowledge of water in the restroom hallway").

4

Constructive notice, on the other hand, requires Plaintiff to produce evidence that the condition "existed for such a period of time that it would have been discovered if [Defendant] . . . had exercised reasonable care." *See* LA. STAT. ANN. § 9:2800.6(C)(1). Whether a condition existed for long enough to supply the merchant with constructive notice "is necessarily a fact question." *See White*, 699 So. 2d at 1084. However, in order to defeat a motion for summary judgment, Plaintiff must produce *some evidence* that the condition existed prior to his fall. *Id*; *see also Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99); 733 So. 2d 1188, 1191 (same).

"This is not an impossible burden." *Id.* at 1085. In fact, it is one that can be satisfied by circumstantial evidence. *See Bassett v. Toys "R" Us Delaware, Inc.*, 36,434, p. 2 (La. App. 2 Cir. 12/30/02); 836 So. 2d 465, 469, *writ denied*, 2003-0560 (La. 4/25/03); 842 So. 2d 408; *Broussard v. Wal-Mart Stores, Inc.*, 98-813, pp. 6—7 (La. App. 3 Cir. 1/20/99); 741 So. 2d 65, 68, *writ denied*, 99-0486 (La. 4/1/99); 742 So. 2d 562.

Defendant, in this case, was cognizant of the fact that when it rains outside, water is often tracked into the store. That is why Defendant implemented its Inclement Weather Plan. *See infra* p. 6. Defendant's Leader on Duty ("LOD"), Patrick Ficklin, further admitted that "there was water on the carpet." (*See* Doc. 19-2 at p. 10). He even wrote, in the "LOD Investigation Report," that he "understood," after surveying the area, how Plaintiff "would fall." (*See* Doc. 19-4 at p. 9).

Such is circumstantial evidence that the area in question was wet before Plaintiff fell. *See Bassett*, 836 So. 2d at 469 (wherein the store director testified that

she knew "rain water was being tracked into the store" and "knew prior to Mrs. Bassett's fall that the specific area in which Mrs. Bassett slipped . . . would be hazardous").

Defendant's motion is, as to the second element of Plaintiff's LA. STAT. ANN. § 9:2800.6 cause of action, **DENIED**.

### C.   Did Defendant fail to exercise reasonable care?

Finally, Defendant asserts that Plaintiff "cannot present facts sufficient to support any argument that Target failed to exercise reasonable care under the circumstances." (*See* Doc. 15-2 at p. 11). To that end, Defendant notes that its aforementioned Inclement Weather Plan (the "Plan"), (*see* Doc. 15-6 at p. 8); (*see* Doc. 19-2 at p. 5), consisted of (a) handicones, *i.e.*, "wet floor" signs, (*see* Doc. 19-2 at pp. 5—6), (b) umbrella bags, (*see id.* at p. 6), (c) reflective vests for cart attendants, (*see id.* at p. 5), and (d) rags for wiping off wet shopping carts and/or strollers, (*see id.*).

Plaintiff, nonetheless, argues that Defendant could/should have done more. (*See* Doc. 19 at p. 12). The Plan, he complains: (a) does not mandate the periodic inspection of the mats upon which Plaintiff slipped, (*see* Doc. 19-2 at pp. 14, 17), and (b) does not mandate that handicones be placed at the front of the store on "rainy, inclement-weather days," (*see id.* at pp. 7—8, 20).

In *Turner v. Brookshire Grocery Co.*, 34,562, pp. 5—6 (La. App. 2 Cir. 4/4/01), 785 So. 2d 161, 165, the court held that "periodic inspections of the mat and the entrance/exit area and dry mopping procedures are ongoing protective measures which must be demonstrated to establish the merchant's exercise of reasonable care

for the customers' safety on rainy days." Defendant, admittedly, did not undertake such inspections, instead employing a system of "[y]ou spot it, you got it." (*See* Doc. 19-2 at p. 14, 17). The Court cannot declare that such a system constitutes reasonable care as a matter of law.

Defendant's motion is, as to the third element of Plaintiff's LA. STAT. ANN. § 9:2800.6 cause of action, **DENIED**.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that **Target Corporation of Minnesota's Motion for Summary Judgment (Doc. 15)** is **DENIED.**

Baton Rouge, Louisiana, this $\frac{18th}{}$ day of April, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

7